J-S60037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SADE RENEE PINKNEY | |
| Appellant | No. 549 MDA 2014 |

Appeal from the Judgment of Sentence March 11, 2014
In the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-00149-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SADE RENEE PINKNEY | |
| Appellant | No. 550 MDA 2014 |

Appeal from the Judgment of Sentence March 11, 2014
In the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-0000150-2013

BEFORE:  OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED DECEMBER 02, 2014**

Sade Renee Pinkney ("Appellant") appeals from the concurrent judgments of sentence of 27 months to 54 months of incarceration for two aggravated assault convictions.  Appellant argues her sentence is excessive because the trial court failed to properly consider certain mitigating factors. We affirm the judgments of sentence.

The factual backdrop of the instant matter is not material to our disposition of the issues. We summarize the pertinent procedural history below.

On February 18, 2014, Appellant entered a guilty plea in the Montour County Court of Common Pleas to two counts of aggravated assault arising from two separate incidents at Danville Center for Adult Females, a facility for juveniles adjudicated delinquent. Trial Court Opinion, 5/27/2014 ("Trial Court Opinion"), at 1. On March 11, 2014, the trial court sentenced her to 27 months to 54 months of incarceration for the first count of aggravated assault.[1] *Id.* That same day, the trial court sentenced Appellant to 27 months to 54 months of incarceration on the second count of aggravated assault to run concurrently with the sentence on the first count. *Id.*

On March 27, 2014, Appellant timely filed a notice of appeal. On April 4, 2014, the trial court directed Appellant to file her statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 23, 2014, she timely filed her 1925(b) statement.

Appellant raises the following two issues for our review:

> [I.] Did the court fail to consider all mitigating factors specific to the defendant and individualize sentence based upon the characteristics of the defendant?

---

[1] The parties waived a pre-sentence investigation report. Trial Court Opinion, at 1. The parties completed a criminal record check and entered into the record a "specification of [] prior criminal history and sentencing guidelines forms." *Id.*

[II.] Did the [c]ourt err[] in failing to sentence in the mitigated range?

Appellant's Brief at 3. Both of Appellant's issues raise challenges to the discretionary aspects of her sentence. As such, we address them together.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa.Super.2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> **Commonwealth v. Evans,** 901 A.2d 528, 533 (Pa.Super.2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa.Super.2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa.Super.2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912–13. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super.2010).

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa.Super.2013), *appeal denied*, 76 A.3d 538 (Pa.2013).

Regarding sentencing guidelines, this Court has explained:

Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The . . . weighing of factors under 42 Pa.C.S. § 9721(b) [is] exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c).

***Commonwealth v. Bricker***, 41 A.3d 872, 875-76 (Pa.Super.2012) (some citations omitted).

A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super.2010).

Here, although Appellant filed a timely notice of appeal, she failed to preserve her discretionary aspects of sentencing claims at sentencing and did not file post-sentence motions. Accordingly, these claims are waived. ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1042-43 (Pa.Super.2013) (finding discretionary aspects of sentence claims waived where not preserved in post-sentence motion or a sentencing).

- 4 -

Additionally, the Pa.R.A.P. 2119(f) statement included in Appellant's brief does not explain what specific provision of the sentencing code or fundamental norm underlying the sentencing process the trial court violated but, instead, merely claims the court erred in failing to consider certain mitigating factors in imposing her sentence. *See* Appellant's Brief, p. 7. As such, the statement is insufficient. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585-86 (Pa.Super.2010) ("At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.").

Further, even had Appellant properly preserved her claims and filed a compliant 2119(f) statement, the claims fail to raise a substantial question for our review. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for review." ***Bullock***, 868 A.2d at 529 (internal citations omitted); *see also **Commonwealth v. Johnson***, 961 A.2d 877, 880 (Pa.Super.2008). Additionally, "a claim of excessiveness that is raised against a sentence within the statutory limits fails to raise a substantial question as a matter of law." ***Commonwealth v. Mouzon***, 812 A.2d 617, 623 (Pa.2002). As such, her mitigating factors claim and her claim that the

court should have sentenced her in the mitigated range of the sentencing guidelines[2] each fail to raise a substantial question for review.

Finally, even if we determined Appellant had raised substantial questions for review, Appellant's discretionary aspects of sentence claims lack merit. This Court reviews sentencing determinations as follows:

> . . . [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

Our review of the sentencing transcript reveals that the court acted within its discretion. The trial court imposed a sentence that was consistent with the protection of the public, took into account the gravity of the offense as it related to the impact on the life of the victim and on the community, and considered Appellant's rehabilitative needs, as required by 42 Pa.C.S.A. § 9721(b). Contrary to Appellant's assertions, the trial court did consider

---

[2] We also note that Appellant failed to develop this bald excessiveness claim in her brief. *See* Appellant's Brief, pp. 8-10. This is yet one more reason this Court can find waiver of this issue. *See Commonwealth v. Berry*, 887 A.2d 479, 485 (Pa.Super.2005) ("issues that are not supported by citations to the record and to pertinent legal authority are waived."); **see also Commonwealth v. Reyes**, 870 A.2d 894 n.3 (Pa.2000) (on appeal, courts review only claims asserted with specificity).

her troubled youth in sentencing her to a standard range sentence, concluding that, "in the end, the sentencing court did not find that the mitigating factors outweighed [Appellant's] prior record score or otherwise warranted a deviation from the standard range." **See** Trial Court Opinion, p. 2; **see also Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa.Super.2010) ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code."). We find no abuse of trial court discretion in the instant sentences.

Judgments of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2014